Susan G. Steinman OSB #106918
9145 Wallace Road NW
Salem, OR 97304
Telephone: 503) 512-9141
steinman.lawoffice@gmail.com

Avi R. Kaufman* FLB #84382
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Motion for admission *pro hac vice* forthcoming

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON - EUGENE DIVISION

| | |
|---|---|
| **MARILYN JENSEN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HIGHLEVEL LLC,** an Oregon company,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Marilyn Jensen ("Plaintiff Jensen" or "Jensen") brings this Class Action Complaint and Demand for Jury Trial against Defendant HighLevel LLC ("Defendant" or "HighLevel") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to cellular telephone numbers *without consent*. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff

Jensen, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Marilyn Jensen is a resident of Geneva, New York.

2. Defendant HighLevel is an Oregon registered limited liability company headquartered in Eugene, Oregon. Defendant HighLevel conducts business throughout this District and throughout the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is appropriate over the Defendant because the Defendant resides in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April, 2021 alone, at a rate of 147.6 million per day. www.robocallindex.com (last visited May 2, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant HighLevel provides a lead generation platform for digital marketing agencies and small businesses such as real estate agents.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/highlevel/about/

15. In placing solicitation calls to businesses, HighLevel calls cell phone numbers with a pre-recorded voice message without first obtaining the cell phone owner's prior express written consent to receive pre-recorded voice messages on their cell phone.

16. In response to these calls, Plaintiff Jensen files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF JENSEN'S ALLEGATIONS

17. On April 27, 2021 at 11:38 AM, Plaintiff Jensen received a call to her cell phone from or on behalf of Defendant HighLevel from 310-848-5957.

18. If one calls back that phone number, the number is not in service.

19. Plaintiff did not answer this call.

20. A pre-recorded voice message was left on Plaintiff's cell phone voicemail stating:

"Hey, this is Lisa from Triple Revenue Growth. Just giving you a call back. I did send you an email with this info as well, but I just wanted to make sure you have the information while we're still able to offer you this crazy good deal. So you had reached out about getting some new leads for your businesses and yeah, we have developed this new lead generation platform that is guaranteed to generate hot qualified leads that are exclusive to your business. Our clients right now are seeing triple revenue growth with this and I can't wait to just show you how this all works. So if you still need leads, this is definitely a no-brainer. So just give me a call back. My number is 561-781-5167. That number again is 561-781-5167. So give me a call back while we can still provide you this unbelievable offer. Call me at 561-781-5167. Thanks so much. Talk to you soon. Bye bye."

21. Plaintiff's attorneys called 561-781-5167 and confirmed that the phone number is answered by an employee who claims to work for Defendant HighLevel.

22. Plaintiff did not provide Defendant HighLevel consent to place pre-recorded calls to her cell phone number.

23. The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Jensen in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the

4

wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, Plaintiff Jensen, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

25. Plaintiff Jensen brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained the person's number in the same manner as Defendant claims it supposedly obtained Plaintiff's number.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Jensen anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant placed pre-recorded voice message calls to Plaintiff Jensen and members of the Pre-recorded No Consent Class;

(b) whether the calls were made without first obtaining prior express written consent;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff Jensen will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Jensen has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Jensen and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Jensen nor her counsel have any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Jensen. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Jensen and the Pre-recorded No Consent Class)

31. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

32. Defendant HighLevel transmitted unwanted solicitation telephone calls to Plaintiff Jensen and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

33. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Jensen and the other members of the Pre-recorded No Consent Class.

34. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Jensen and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jensen individually and on behalf of the Class, prays for the following relief:

35. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Jensen as the representative of the Class; and appointing her attorneys as Class Counsel;

36. An award of actual and/or statutory damages and costs;

37. An award of attorney's fees;

38. An order declaring that Defendant's actions, as set out above, violate the TCPA;

39. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

40.     Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jensen requests a jury trial.

**MARILYN JENSEN**, individually and on behalf of all others similarly situated,

DATED this 19th day of May, 2021.

By: */s/ Susan G. Steinman*
9145 Wallace Road NW
Salem, OR 97304
Telephone: (503) 512-9141
steinman.lawoffice@gmail.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-588

* Pro Hac Vice Motion forthcoming

*Attorneys for Plaintiff and the putative Class*

8